E. Franklin & Cía., demandante y apelada, *v.* José Fernández Oller y Enrique Collado, haciendo negocios bajo el nombre de Empresa Arcofer, demandados y apelantes.

No. 6880.—*Sometido:* Abril 29, 1935. *Resuelto:* Abril 30, 1935.

*J. Vendrell,* abogado de los apelantes; *F. Prieto Azúar,* abogado de la apelada.

El Juez Asociado Señor Córdova Dávila, emitió la opinión del tribunal.

La sociedad E. Franklin & Cía., demandó en cobro de dinero a José Fernández Oller y a Enrique Collado ante la Corte Municipal de San Juan, Sección Segunda, donde obtuvo sentencia a su favor que fué apelada por los demandados para ante la Corte de Distrito de San Juan, que falló el caso también en favor de la demandante. Se alega en la demanda que allá para el mes de julio de 1932 los demandados José Fernández Oller y Enrique Collado ordenaron a la demandante ciertos trabajos de imprenta para la Empresa Arcofer; que al ordenar tales trabajos los demandados manifestaron a la demandante que ellos componían tal empresa y a requerimiento de dicha demandante se obligaron solida-

riamente a satisfacer el importe de dichos trabajos, los cuales fueron efectuados y entregados a la Empresa Arcofer; que los demandados hicieron ciertos abonos quedando a deber la suma de $421.50 que no han satisfecho ni en todo ni en parte a pesar de los requerimientos de la demandante.

Los demandados en su contestación niegan que se hubiesen obligado a pagar solidariamente o en cualquier otra forma cantidad alguna a la demandante por trabajos ordenados para la Empresa Arcofer, alegando en contrario que según información y creencia los trabajos fueron encargados y ordenados por Juan B. Arzuaga y Rafael Ferrari, personas que constituían la Empresa Arcofer.

La corte inferior declaró con lugar la demanda, condenando a los demandados a satisfacer a la demandante, solidariamente, la cantidad de $421.50, con intereses legales desde la interposición de la demanda, y las costas.

Contra esta sentencia establecieron los demandados recurso de apelación y ahora comparece la sociedad demandante solicitando que se desestime el referido recurso por ser completamente frívolo y haberse interpuesto con el propósito de retardar la resolución definitiva de este litigio.

A nuestro juicio, el fallo de la corte inferior es el único que ha podido dictarse de acuerdo con las alegaciones y la evidencia aportada. La prueba de la demandante con respecto a la obligación contraída es completamente clara y no ha sido contradicha. Los demandados, que de acuerdo con la exposición del caso, asistieron en persona al acto del juicio celebrado en la corte inferior, no comparecieron a declarar como testigos para negar que hubiesen ofrecido pagar a la demandante el importe de los trabajos que le encomendaran. La prueba aportada por los referidos demandados en nada se relaciona con este particular, cuya importancia no pudo escaparse a su penetración.

La corte inferior, en su relación de hechos, se expresa así:

"La demandante probó satisfactoriamente que tiene un estable-

cimiento en esta ciudad y que en la fecha que se alega en la demanda, los demandados José Fernández Oller y Enrique Collado, ordenaron en su establecimiento ciertos trabajos de imprenta para la Empresa Arcofer. Que como la demandante no conocía tal empresa ni estaba dispuesta a darle crédito, los demandados se obligaron solidariamente a pagar el importe de dichos trabajos, habiendo hecho abonos a dicha cantidad, quedando reducida a $421.50. Que posteriormente a dichos abonos los demandados hicieron promesas de pagar dicha cantidad, promesas que nunca cumplieron.

''La prueba de los demandados tiende a probar que ellos no componen la Empresa Arcofer, siendo el dueño de ella el Sr. Juan B. Arzuaga.

''A nuestro juicio es inmaterial el hecho de que los demandados no fuesen los dueños de la Empresa Arcofer, pues ellos se obligaron con la demandante a pagarle el importe de los trabajos, no importa que fuesen ellos los beneficiados, pues la ejecución del trabajo por parte de la demandante en consideración a la promesa de los demandados, es la causa del contrato. Por la forma en que declararon los testigos de la demandante, la Corte les da entero crédito, y aunque no se presentaron los libros de contabilidad, dadas las circunstancias de este caso, la Corte está satisfecha de que se han probado las alegaciones de la demanda.

''Aunque dijimos que es inmaterial el hecho de que los demandados no fueran dueños de la Empresa Arcofer, es una circunstancia muy curiosa el hecho de que el nombre de Arcofer se compone de la primera sílaba de los apellidos Arzuaga, Collado y Fernández.''

La teoría de los apelantes es que, si el trabajo que aparece encomendado a la demandante se hizo, lo fué para la llamada Empresa Arcofer. En la oposición que formulan a la moción solicitando la desestimación del recurso, arguyen que mientras la demandante alega que la empresa Arcofer la componían los demandados, el juez sentenciador dice que estaba compuesta de tres personas. No vemos la importancia que pueda tener el hecho de que fueran dos o tres las personas que componían la Empresa Arcofer ni de que el trabajo se hubiese hecho para la referida empresa. La verdad es que de acuerdo con la prueba practicada, que no ha sido contradicha, los demandados fueron a la imprenta de la de-

mandante y ordenaron una cantidad de trabajo, obligándose a pagar solidariamente el importe del mismo. Los socios de la firma demandante, Eduardo Franklin y Carlos Berrisbeitía, declaran que el trabajo se llevó a cabo y que fué entregado a los demandados.

Basta leer las alegaciones y la prueba para llegar a la conclusión de que el recurso interpuesto es completamente frívolo y de que sólo persigue el propósito de dilatar la resolución definitiva de este litigio.

*La apelación, por lo tanto, debe ser desestimada.*